IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. ADAMS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  25-1627 |
| | : | |
| LT. MINERVA, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**MURPHY, J.**                                                    **February 17, 2026**

Currently before us is defendant Lieutenant Minerva's motion for partial dismissal of

plaintiff Robert L. Adams's complaint.  DI 23.  Mr. Adams, a convicted and sentenced prisoner

currently incarcerated at SCI Coal Township, asserts various constitutional and state law claims

in connection with an alleged use of excessive force that occurred on October 10, 2023, while he

was incarcerated at the Montgomery County Correctional Facility ("MCCF").  DI 2.  For the

following reasons, we grant the motion and dismiss Count II of Mr. Adams's complaint as to

Lieutenant Minerva.

**I.       FACTUAL ALLEGATIONS**[1]

Mr. Adams avers that he was incarcerated on the maximum-security unit at MCCF as a

"Special Needs Transfer" from the Bucks County Correctional Facility ("BCCF").  DI 2 at ¶ 12.

During the morning of October 10, 2023, Mr. Adams was moved from his cell to a holding cell

in the "court-side receiving room" to await transport for a court appearance in Bucks County.  *Id.*

---

[1] The factual allegations in this memorandum derive from Mr. Adams's complaint, and we only recite those factual allegations that are relevant to the pending motion, which seeks dismissal of the First Amendment retaliation claim against Lieutenant Minerva in Count II.  We adopt the sequential pagination supplied by the CM/ECF docketing system.  Grammar, spelling, and punctuation errors in quotes from Mr. Adams's submissions are remedied where necessary.

at ¶ 13-14.  Mr. Adams avers that an unnamed correctional officer (John Doe #1) opened the cell door and told him to exit the cell and sit on a bench to receive his suboxone medication.  *Id.* at ¶ 15.  After Mr. Adams took his medication, Doe #1 told Mr. Adams that he was being moved to a different holding cell.  *Id.* at ¶ 17.  Mr. Adams was permitted to retrieve his property from the holding cell, and he then requested to speak with a sergeant or lieutenant.  *Id.* at ¶¶ 17-18.  Doe #1 denied his request, but Mr. Adams persisted and again requested permission to speak to a lieutenant.  *Id.* at ¶ 18.  When Mr. Adams requested permission for the third time, Doe #1 allegedly uttered a racial slur, grabbed Mr. Adams by his prison uniform, and threw him.  *Id*. at ¶ 19.  Mr. Adams caught his footing and said, "What the fuck are you doing? I want a lieutenant!" *Id*.  Doe #1 allegedly told Mr. Adams that he was going to "kill" him and then slammed Mr. Adams onto the floor and fell on top of him, causing Mr. Adams to crush his left knee and hit his head.  *Id.*

While Doe #1 was on top of Mr. Adams, Lieutenant Minerva allegedly "ran over and jumped on [Adams] . . . and then violently began punching and kneeing" him.  *Id.* at ¶ 20. Another correctional officer (John Doe #2) punched Mr. Adams while he sat on Mr. Adams's back, and Doe #1 "beat . . . Adams from the right side . . . while Lieutenant Minerva beat . . . Adams from the left side." *Id.*  Mr. Adams tried to "protect himself" but his ribs "were beaten in by Lieutenant Minerva continuously kneeing him." *Id.* at ¶ 21.  Mr. Adams was eventually lifted from the floor and taken to a medical area where he saw defendant Captain Baker.  *Id.*  Mr. Adams complained to Captain Baker about Lieutenant Minerva's actions, and Lieutenant Minerva repeatedly told Captain Baker that he was "sorry." *Id.*  Captain Baker allegedly told Lieutenant Minerva to "shut the fuck up" several times before Lieutenant Minerva realized that his body camera was still recording.  *Id.*  Once Lieutenant Minerva realized this, he "took his

body camera off and gave it to another officer so [that] . . . Adams couldn't continue to speak on it." *Id.* at ¶ 22.

## II.      THE PENDING MOTION

Lieutenant Minerva filed a partial motion to dismiss Mr. Adams's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  DI 23.  Lieutenant Minerva only seeks dismissal of Count II, Mr. Adams's First Amendment retaliation claim, maintaining that Mr. Adams has pled this claim in a "purely conclusory fashion" and has failed to state a plausible claim for relief.  *Id.* at 5.  By order dated October 22, 2025, we directed Mr. Adams to file a response to the motion by November 20, 2025.  DI 24.  Mr. Adams neither responded to the motion nor sought an extension in which to do so, and his time to respond has long passed.

## III.      STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  In deciding a motion to dismiss under Rule 12(b)(6), we must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555.)  "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'"  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir.

2016) (citation modified) (citations omitted).  It is the defendant's burden to show that a complaint fails to state a claim.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented.") (citation omitted).

In resolving a Rule 12(b)(6) motion, we only look to "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).  We must determine whether Mr. Adams's complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  And though we must liberally construe Mr. Adams's allegations because he is *pro se*, he still must allege sufficient facts to support his claims.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted).

## IV.    DISCUSSION

In Count II of the complaint, Mr. Adams avers that Lieutenant Minerva's "actions in retaliating against [him] for what had taken place in the receiving room" with Doe #1 violated his First Amendment rights.[2]  DI 2 at ¶ 44.  To state a constitutional claim for First Amendment retaliation, a prisoner must allege that:  (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his

---

[2] Count II of the complaint also asserts First Amendment retaliation claims against defendants John Does #1-3, Captain Baker, and Nurse Jada Carter.  DI 2 at ¶¶ 43-44.  This memorandum only addresses the retaliation claims asserted against Lieutenant Minerva.  Defendant Carter filed her answer to the complaint on October 14, 2025, (DI 21), and defendant Baker has not yet been served with the complaint.  Also, service cannot be made on the John Doe defendants unless or until Mr. Adams provides sufficient identifying information for service.

constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977)); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (per curiam).

While in some circumstances a prisoner's request to speak to a supervisor could be considered an oral grievance constituting protected activity, *see, e.g.*, *Mack v. Warden Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016) (prisoner's oral grievance to prison officials that he was seeking redress regarding prohibited conduct, *i.e.* "anti-Muslim harassment," constituted protected activity), Mr. Adams does not set forth any factual allegations detailing why he wanted to speak to a lieutenant or what, if any, legitimate complaint he may have had at that time. Mr. Adams alleges that he received his suboxone medication and was permitted to retrieve his belongings. DI 2 at ¶¶ 16-17. There is no indication that Doe #1's plan to move Mr. Adams to a different holding area was prohibited or otherwise in violation of Mr. Adams's rights. Rather, Doe #1 advised Mr. Adams that he was being moved "because he had just taken his suboxone medication." *Id.* at ¶ 17. Based on these assertions, Mr. Adams has not plausibly alleged that he engaged in protected conduct by merely requesting to speak to a lieutenant. *See Zuniga v. Chamberlain*, 821 F. App'x 152, 157 n.8 (3d Cir. 2020) (per curiam) ("A grievance must, at a minimum, alert prison officials to 'the nature of the wrong for which redress is sought.'" (quoting *Mack*, 839 F.3d at 295)). Moreover, Mr. Adams has not plausibly alleged that his request to speak to a lieutenant was a substantial or motivating factor in any action that Lieutenant Minerva is alleged to have taken against him. Indeed, nothing in the complaint suggests that Lieutenant Minerva was even aware of the discussion that took place between Mr.

Adams and Doe #1 in the receiving room prior to his alleged involvement in the altercation with Adams. *See Oliver v. Roquet*, 858 F.3d 180, 195 (3d Cir. 2017) ("Absent supporting facts that make it reasonable to draw an inference of retaliation, [] conclusory assertions of a cause-and-effect relationship between specific protected activities and a later adverse action are insufficient to plead causation.") (citations omitted); *Hammonds v. Headman*, 645 F. App'x 149, 152 (3d Cir. 2016) (per curiam) ("[B]ecause Hammonds' conclusory allegations fail to raise the required inference of a causal link between his grievance and the filing of misconduct reports, he failed to state a retaliation claim.").

V.    **CONCLUSION**

For the foregoing reasons, we grant the motion and dismiss without prejudice Mr. Adams's claim of First Amendment retaliation against Lieutenant Minerva as alleged in Count II of the complaint. We also grant Mr. Adams leave to amend his complaint against Lieutenant Minerva, so that he may address the insufficiencies detailed in today's memorandum. Lieutenant Minerva shall file a responsive pleading in accordance with Federal Rule of Civil Procedure 12(a)(4) as to those claims that remain in Mr. Adams's complaint, including those claims for which Lieutenant Minerva did not seek dismissal.[3] An appropriate order will be entered separately.

---

[3] Lieutenant Minerva did not seek dismissal of Mr. Adams's Eighth Amendment excessive force and deliberate indifference claims (Counts I and X) nor his state law claims for assault and battery (Count V).